The district court granted summary judgment on grounds that the action of the Laredo policemen in releasing Kovacic in his intoxicated condition at a busy intersection at 2:00 a.m. was an independent, intervening cause and appellee as owner of Cheers Cocktails had no liability under the Texas Dram Shop Act. *Kovacic v. Larry Brown Enters., L.L.C.,* 693 F.Supp.2d 660 (S.D.Tex.2010). We agree. The district court carefully considered the six factors Texas courts consider in determining whether an intervening cause constitutes a new and independent or superseding cause and we agree completely with that analysis.

For the reasons stated above and those stated by the district court in its Order of January 25, 2010, we affirm the judgment of the district court.

AFFIRMED.

Martin A. Stern, Robert Louis Bonnaffons, Esq., Ronald J. Sholes, Margot L.K. Want, Esq., Adams & Reese, L.L.P., New Orleans, LA, for Defendant–Appellee.

Before JONES, Chief Judge, and WIENER and GRAVES, Circuit Judges.

PER CURIAM: *

There being no reversible error, the judgment of the district court is AFFIRMED. *See* 5TH CIRCUIT LOC. RULE 47.6.

---

**Dwan TAPP, Plaintiff–Appellant**

v.

**WHIRLPOOL CORPORATION, formerly known as Maytag Corporation, Defendant–Appellee.**

No. 11–31027.

United States Court of Appeals, Fifth Circuit.

June 15, 2012.

Stephen P. Bruno, Esq., Bruno & Bruno, L.L.P., New Orleans, LA, for Plaintiff–Appellant.

**Eric Vincent OWENS, Plaintiff–Appellee Cross–Appellant**

v.

**ABDON CALLAIS OFFSHORE, L.L.C., Defendant–Appellant Cross–Appellee.**

No. 11–30834.

United States Court of Appeals, Fifth Circuit.

June 15, 2012.

Kristi Ann Post, Esq., Scheuermann & Jones, L.L.C., Lawrence Blake Jones,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.